UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LYNNE MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | NO. 2:06-CV-378 |
| LA-Z-BOY INCORPORATED | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER AND OPINION

This matter is before the Court on Defendant LA-Z-Boy Inc.'s Motion for Judgment on the Pleadings [DE 15].  Plaintiff Lynne Marshall claims in Count I of her Complaint that her former employer, LA-Z-BOY, discriminated against her in violation of the Age Discrimination in Employment Act ("ADEA") when it terminated her and later replaced her with a younger, male employee.  In Count II, Marshall accuses LA-Z-BOY of gender discrimination under Title VII relating to the same termination. LA-Z-BOY moved for Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  LA-Z-BOY argues that Marshall is time-barred from bringing her ADEA claim because she filed her EEOC charge eleven days past the time allowed by the statute of limitations.  In addition, LA-Z-BOY contends that Marshall has not satisfied the "tender back" doctrine and is consequently precluded from bringing a Title VII claim.

The allegations in Marshall's Complaint, along with the EEOC charge referenced in that Complaint, indicate that Marshall was tardy in filing her charge of discrimination.  Accordingly,

LA-Z-BOY's Motion for Judgment on the Pleadings for Count I is granted, albeit without prejudice.  As to Count II, because the applicability of the tender back doctrine is dependent upon matters outside the pleadings, the Court shall treat LA-Z-BOY's Motion for Judgment on the Pleadings for Count II as a Motion for Summary Judgment and provide Marshall with the opportunity to respond.

## BACKGROUND

According to her Complaint, Marshall was sixty years old at the time of her termination from LA-Z-BOY on June 13, 2005.  (Compl. ¶ 1.)  She claims that on that date she was informed her position with LA-Z-BOY was being eliminated and she was thus being terminated.  (*Id*. ¶ 11.)  Only later did Marshall learn that her position had not been eliminated, and instead a younger male employee was assigned to her old duties.  (*Id*. ¶ 12.)  Marshall's Complaint states that she filed discrimination charges with the EEOC, leading to the issuance of a Right to Sue letter on August 15, 2006.  (*Id*. ¶ 5.)  Marshall did not file the EEOC charge until December 21, 2005, eleven days after the 180 day limitation provided by 29 U.S.C. § 626(d)(1). (*See* EEOC Charge.)  Although referenced in her Complaint, Marshall did not attach the EEOC charge.  It was, however, attached as Exhibit A to the  Memorandum in Support of Defendant's Motion for Judgment on the Pleadings.

According to LA-Z-BOY, before being let go, the parties entered into a Severance Agreement and Release of Claims ("Severance Agreement") upon termination of Marshall's employment. (Def. Mem. at 2).  The Severance Agreement was not mentioned in Marshall's Complaint, but was attached as Exhibit 1 to LA-Z-BOY's Counterclaim.  The Severance Agreement provided that LA-Z-BOY paid Marshall ten weeks' severance pay in exchange for a

2

release of any and all claims she may have had against LA-Z-BOY.  (Severance Agreement ¶¶ 2, 3.)  The Severance Agreement specified that half of the payment was attributable to release of any ADEA claims, with the remaining half attributable to all remaining claims. (*Id.* ¶ 3.)  LA-Z-BOY claims that despite filing this lawsuit alleging ADEA and Title VII claims, Marshall has not returned any of the funds paid under the Severance Agreement.  (Def. Mem. in Support at 2.)

## DISCUSSION

The Court applies the same standard to a Motion for Judgment on the Pleadings under Rule 12(c) as is used to determine Motions to Dismiss for failure to state a claim under Rule 12(b)(6).  *See R.J. Corman Derailment Servs. LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003).  "[J]udgment may not be granted against the non-moving party unless it appears beyond a doubt that the [non-moving party] cannot prove any facts that would support [her] claim for relief."  *Id*.  The Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  *Forseth v. Villge of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).  A plaintiff does not generally have an obligation to allege in the complaint facts negating an affirmative defense.  *See Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

**A.     ADEA Claim**

Although not attached to the Complaint, the Court is permitted to review the EEOC charge filed by Marshall on December 21, 2005.  This is because documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim.  *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244,

3

1248 (7th Cir. 1994). Marshall does not dispute that the Court is permitted to review the EEOC charge, or its timeliness, as part of its determination of LA-Z-BOY's Motion. *See* Pl.'s Resp. at 2-3. Moreover, judicial notice of documents contained in the public record is proper, *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998), and this principle extends to the consideration of EEOC charges. *See Gallo v. Bd. of Regents of the Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995); *Lewis v. Milwaukee Brewers Baseball Club, L.P.*, 2006 WL 2290765 at *2, n. 1 (E.D. Wis. Aug. 9, 2006); *Davis v. Central Can Co.*, 2006 WL 2255895 at *4 (N.D. Ill. Aug. 4, 2006); *Glass v. Clarian Health Partners, Inc.*, 2005 WL 2476129 at *3 (S.D. Ind. Oct. 6, 2005).

    Marshall offers two theories as to why the statute of limitations should not apply in this case. First, she argues the statute of limitations should be equitably tolled because she believed LA-Z-BOY had eliminated her position and only became aware of the alleged discrimination when she later learned that her job responsibilities were assigned to a younger male employee. Under the theory of equitable tolling, a plaintiff is permitted to avoid a statute of limitations if, "despite all due diligence, [the plaintiff] is unable to obtain vital information bearing on the existence of the claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990).

    "Equitable tolling excuses an untimely filing when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (citation and quotations omitted). Thus, equitable tolling is "rarely" appropriate. *Id*. *Thelan v. Marc's Big Boy Corp.*, 64 F.3d 264 (7th Cir. 1995) provides a good example of the rarity with which the doctrine is applied. In *Thelan*, the plaintiff argued that equitable tolling applied to his ADEA claim because he was informed at the time of his termination that he was

4

being replaced by an employee close to the plaintiff's own age, but learned later that he was replaced by a younger employee. *Id*. at 267-68. The Seventh Circuit rejected the plaintiff's argument, noting that the principle of equitable tolling does not exist to postpone the running of the statute of limitations until the plaintiff is *certain* his rights are violated. Rather, the period begins to run as soon as a reasonable person believes he *may* have a cause of action. *Id*. at 268. "This is especially true when the plaintiff need only file a charge with an administrative complaint," because the purpose of filing the administrative complaint is to uncover facts relevant to the potential case. *Id*. In light of the similarity to the issues presented in *Thelan*, as well as the fact that Marshall's Complaint does not contain any allegations indicating she attempted, through due diligence, to obtain the information necessary for her claim, the Court finds that equitable tolling is not applicable. *See Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1175 (7th Cir. 1999) (finding no equitable tolling where plaintiff made no allegations that she exercised due diligence in order to obtain information essential to filing her Title VII sexual harassment suit).

The Court reaches the same conclusion with respect to Marshall's argument that LA-Z-BOY should be equitably estopped from raising the statute of limitations. "Equitable estoppel, also known as fraudulent concealment, is available if the defendant takes active steps to prevent the plaintiff from suing in time." *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 394 (7th Cir. 2000) (citations and quotations omitted). Examples of "active steps" triggering equitable estoppel include a defendant's hiding of evidence or promising not to plead the statute of limitations. *Id.*; *see also*, *Wheeldon v. Monon Corp*., 946 F.2d 533 (7th Cir. 1991) (upholding equitable estoppel where employer improperly delayed by waiting until the day after the statute

5

of limitations period ran out on employee's age discrimination claim to respond to government agency's inquiries into different claim under the Vietnam Era Veterans Readjustment Act).

No such active steps have been alleged here. The only allegation in the Complaint touching upon the subject is Marshall's claim that LA-Z-BOY informed her that her position was being eliminated when it in fact filled the position with a younger employee. Once again, *Thelan* is instructive; the Seventh Circuit rejected the applicability of equitable estoppel in nearly identical factual circumstances. 64 F.3d at 267-68; *see also Lever v. Northwestern University*, 979 F.2d 552, 556 (7th Cir. 1992). Thus, in order to properly invoke equitable estoppel, Marshall must plead that LA-Z-BOY took action above and beyond what is alleged in her Complaint to prevent her from suing in time.

**B.     Title VII Claim**

Although LA-Z-BOY makes no argument that Marshall's Title VII gender discrimination claim is barred by the statute of limitations, LA-Z-BOY does maintain that the claim runs afoul of the tender-back doctrine.[1] According to LA-Z-BOY, the parties entered into a Severance Agreement providing for the payment to Marshall of ten weeks' severance in consideration for her release of claims against LA-Z-BOY. While Title VII plaintiffs are permitted to bring their causes of action even after releasing their claims against their employers, they must "tender back" the payment received before doing so. *See Fleming v. U.S. Postal Service AMF O'Hare*, 27 F.3d 259, 260 (7th Cir. 1994). ("[A] party may not rescind a contract without returning to the other party any consideration received under it.").

---

[1] LA-Z-BOY does concede, as it must, that the tender back doctrine does not apply to ADEA claims. *See* Def. Reply at 7; *see also, Oberg v. Allied Van Lines, Inc.*, 11 F.3d 679 (7th Cir. 1993).

The Severance Agreement, upon which LA-Z-BOY relies, was neither attached to nor referenced in the Complaint.  The document first appeared as an attachment to LA-Z-BOY's Answer and Counterclaim.  Were this a motion to dismiss under Rule 12(b)(6), the Court would quickly convert it to a Rule 56 summary judgment motion, as LA-Z-BOY seeks to have the Court consider matters outside the scope of the Complaint.  *See* Fed. R. Civ. P. 12(b).  In applying Rule 12(b)(6), courts convert motions to dismiss raising matters outside the complaint into motions for summary judgment, ***unless*** the outside matters raised are referred to in the plaintiff's complaint and are central to his claim.  *See Wright*, 29 F.3d at 1248.  It is not immediately clear, however, that the same rule applies to 12(c) motions for judgment on the pleadings.

Although the Seventh Circuit has not directly addressed this issue, the Eleventh Circuit has determined that the principle underlying the "incorporation by reference" doctrine requires that the limitations applied to documents attached to a 12(b)(6) motion to dismiss should be similarly applied to documents attached to an answer for purposes of a 12(c) motion for judgment on the pleadings.  *Horsley v. Feldt*, 304 F.3d 1125, 1134-1135 (11th Cir. 2002). "Otherwise, the conversion clause of Rule 12(c) would be too easily circumvented and disputed documents attached to an answer would have to be taken as true at the pleadings stage." *Id*; *see also*, 12B *Federal Practice and Procedure - Civil Rules, Quick Reference Guide* 268-269 (2007 ed.) ("Although a 'written instrument' attached to a pleading becomes 'a part thereof for all purposes', a litigant cannot avoid this summary judgment conversion provision merely by attaching any random document to her answer - the attached document still can only be relied upon by the court on a Rule 12(c) motion if that document is both central to the plaintiff's claim

7

and indisputably authentic.").

The Court agrees with the reasoning of *Horsley*. The Severance Agreement is not central to Marshall's claim and was not referred to in her Complaint. In its Answer and Affirmative Defenses to LA-Z-BOY's Counterclaim and its Response to LA-Z-BOY's 12(c) Motion, Marshall raises the affirmative defenses of fraud, misrepresentation, illegality, estoppel, and duress. (Pl.'s Aff. Defenses to Counterclaim at ¶¶ 1-6.) These issues, and the full elaboration of arguments related to the Severance Agreement, which is itself a matter outside the face of the Complaint, are more appropriate for consideration in the summary judgment setting. *See, e.g., D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 259 n.1 (7th Cir. 1997) (noting that question of res judicata is more appropriate for summary judgment than as a motion to dismiss because it often requires the court to consider matters outside the complaint).

Pursuant to Rule 12(c) the Court shall now treat LA-Z-BOY's Motion for Judgment on the Pleadings as a Rule 56 Motion for Summary Judgment. Furthermore, Rule 12(c) provides that all parties shall be given reasonable opportunity to present all material made pertinent to such a motion. Accordingly, Marshall is given additional time to present material establishing that a genuine issue of fact exists as to whether the Severance Agreement and the tender back doctrine prevent Marshall from bringing her Title VII claim.

## CONCLUSION

LA-Z-BOY's Motion for Judgment on the Pleadings [DE 15] is **GRANTED** in part and **DENIED** in part. Marshall's ADEA claim (Count I) against LA-Z-BOY is dismissed without prejudice. Despite the fact that the Court's deadline for amendments to the pleadings has

8

passed, Plaintiff is hereby **GRANTED LEAVE TO AMEND** her Complaint within 30 days of the date of entry of this Order to address the deficiencies outlined above if she still wishes to assert her ADEA claim against LA-Z-BOY. LA-Z-BOY'S Motion for Judgment on the Pleadings for Marshall's Title VII claim (Count II) is hereby **CONVERTED** to a Motion for Summary Judgment, and Marshall's Title VII claim still remains. Marshall shall be given 30 days from the date of entry of this Order to respond to LA-Z-BOY's Motion for Summary Judgment. LA-Z-BOY will have 15 days to reply to Marshall's response, if it so chooses. The Plaintiff is **WARNED** that a failure to respond to this Order will result in a dismissal with prejudice on both counts of the complaint.

**SO ORDERED.**

**ENTERED**: October 30, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT